UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:96-cr-95 |
| ) | |
| v. ) | |
| ) | |
| ROBINSON MARTINEZ, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant Robinson Martinez is serving a prison sentence of 48 months imposed by former District Judge David W. McKeague on February 7, 2005, after defendant entered a plea of guilty to use of a communications facility to facilitate a drug conspiracy. 21 U.S.C. § 843(d)(1). Defendant has filed a motion asking the court to award him credit for time served awaiting trial on related state charges, as well as time he was in the custody of the United States Marshal in pretrial detention. Since the time that Judge McKeague was elevated to the Court of Appeals, this court has undertaken responsibility for post-conviction matters in criminal cases formerly assigned to him.

This court lacks authority to adjudicate defendant's claim for credit on his federal sentence. To obtain judicial review of the execution of a federal sentence, a prisoner must have first exhausted his administrative remedies through the Bureau of Prisons (BOP). *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). An unexhausted claim is not ripe for adjudication. *Id.* The calculation of credit against a federal sentence for pretrial detention is not a matter over which the federal district courts have original authority. The Attorney General is

responsible for computing, in accordance with applicable statutes, any pretrial detention credit. *See United States v. Wilson*, 503 U.S. 329, 334-36 (1992). Defendant must therefore apply to the BOP and exhaust his administrative remedies before that agency. If defendant is dissatisfied with this administrative determination of credit for time served, his judicial remedy is by writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335. The only proper venue for filing a section 2241 petition is the district of incarceration, not the district in which the defendant was sentenced. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Defendant must therefore seek section 2241 relief in the Eastern District of Texas, where he is now held in custody. Because defendant's "Motion for Jail Credit" is not ripe for adjudication and has been filed in the wrong court, defendant's motion is DENIED for lack of jurisdiction.

    IT IS SO ORDERED.


Date: July 20, 2007    /s/ Robert Holmes Bell
                ROBERT HOLMES BELL
                CHIEF UNITED STATES DISTRICT JUDGE